UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-09-015-EFS-15 |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| v. | ) | RECONSIDER ORDER OF |
| | ) | DETENTION AND FOR AN ORDER |
| TUAN H. CHAU, | ) | SETTING CONDITIONS OF |
| | ) | RELEASE (CT. REC. 715) |
| Defendant. | ) | |
| | ) | |

At the May 22, 2009 hearing to address Defendant's Motion to Reconsider Order of Detention (Ct. Rec. 715), Attorney Gerald R. Smith appeared with defendant Tuan H. Chau; Assistant United States Attorney Earl Hicks represented the United States.    Court interpreter Sylva Lamb was found to be qualified as language skilled; her native language is Vietnamese.    Appearing in the courtroom in support of defendant was defendant's father.    Also present was Nga Do who is the protected party in a Domestic Violence No-Contact Order entered against the defendant in Municipal Court for the City of Spokane.

The parties made factual proffers and the matter was taken under advisement. As represented at the hearing, on June 10, 2009, defendant submitted a copy of the no-contact order which was not available on the date of the hearing.  The no-contact order remains in effect. Defendant shall redact the personal identifiers on the order and file the document; alternatively defendant shall provide a copy of the no-contact order to the United States if it has not previously been served.  If the document is not filed, the defendant

ORDER DENYING MOTION TO RECONSIDER

1 shall retain a copy for use as necessary for purposes of an appeal,
2 if any, of this order.

3   At this time, Ms. Do no longer lives at defendant's father home
4 and this residence is available for Mr. Chau to reside if he is
5 released.   Defendant represents he would participate in anger
6 management counseling and agree to home detention (defendant, in
7 2004, also was charged with assault of a co-worker when he allegedly
8 struck the co-worker with a board and also swung the board at the
9 co-worker's head).   The pending no-contact order resulted from an
10 incident in which defendant allegedly entered Ms. Do's place of
11 employment, yelled at her loudly, grabbed her by the throat, and
12 slapped her face, knocking her to the floor.   At this time the
13 undersigned concludes there is insufficient structure in the release
14 plan to reasonable assure that Mr. Chau is not a risk to the
15 community.   Accordingly, the motion (Ct. Rec. 715) is DENIED.

16   There is a pending state arrest warrant which the undersigned
17 finds is collateral to the captioned matter.   For purposes of the
18 bail issues in the captioned matter, defense counsel may make a
19 limited appearance in that case, provided such appearance is in
20 compliance with the state court rules.

21   **IT IS ORDERED:**

22   1.   Defendant shall be held in detention pending disposition
23 of this case or until further order of the court.   Should
24 circumstances change, Defendant may petition the court to reopen the
25 detention issue by written motion to amend and request for hearing,
26 served upon the United States Attorney.

27   2.   Defendant shall remain in the custody of the U.S. Marshal
28 pending further Order of the court.

ORDER DENYING MOTION TO RECONSIDER

3.    If the Defendant seeks review of this Order pursuant to 18 U.S.C. § 3145(b), attorney for Defendant shall file a written motion for revocation or amendment of this Order within ten (10) days before the district judge to whom this case is assigned and note it for hearing at the earliest possible date. Both parties are responsible to ensure the motion is determined promptly.

DATED June 10, 2009.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING MOTION TO RECONSIDER